**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS UNITED, | ) | |
| 1006 Pennsylvania Avenue, S.E. | ) | |
| Washington, DC 20003, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-cv-2108 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF STATE, | ) | |
| The Executive Office | ) | |
| Office of the Legal Adviser, Suite 5.600 | ) | |
| 600 19th Street NW | ) | |
| Washington, DC 20522, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Citizens United brings this action against Defendant the United States Department of State ("State Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Citizens United is a Virginia non-stock corporation with its principal place of business in Washington, D.C.  Citizens United is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of

1

the U.S. Internal Revenue Code.  Citizens United seeks to promote social welfare through

informing and educating the public on conservative ideas and positions in issues, including

national defense, the free enterprise system, belief in God, and the family as the basic unit of

society.  In furtherance of those ends, Citizens United produces and distributes information and

documentary films on matters of public importance.  Citizens United regularly requests access to

the public records of federal government agencies, entities, and offices, to disseminate its

findings to the public through its documentary films and publications.

4.     Defendant, the United States Department of State, is an agency of the United

States Government and is headquartered at 2201 C Street N.W., Washington, D.C. 20520.

Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     Citizens United routinely submits FOIA requests, and this matter concerns two

FOIA request letters submitted to Defendant on June 17, 2019 to which Defendant has failed to

respond.

6.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to

Citizens United's FOIA requests within 20 working days of each request.

7.     When left to their own devices, State Department bureaucrats in the past have

taken over three years to respond to Citizens United's FOIA requests.  Such extensive delays are

in clear violation of both the letter and the spirit of FOIA.

8.     Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. §

552(a)(6)(A)(i), Citizens United is deemed to have fully exhausted any and all administrative

remedies with respect to its FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

9.      On June 17, 2019, Citizens United submitted a FOIA request, online, to

Defendant.  *See* Exhibit A.  The request sought:

> All emails to or from any of the following former State Department
> officials: David Wade; Jonathan Winer; Jonathan Finer; Kathleen Kavalec;
> Victoria Nuland; Matt Summers; Jennifer Stout; or David McKean [t]hat
> contain any of the following names, entities, and/or terms: Burisma;
> Rosemont; Rosemont Capital; Rosemont Seneca; Hunter Biden; Devon
> Archer; Christopher Heinz; David Leiter; Viktor Shokin; Yuriy Lutsenko;
> Mykola Zlochevsky; Ihor Kolomoisky; PrivatBank; Privat Group; Brociti
> Investments; or Nashi Groshi.

The time period covered by the FOIA request was January 20, 2013 to January 20, 2017.

10.     Citizens United, as a member of the media, requested expedited processing of this

FOIA request.  *See* Exhibit A.

11.     The State Department acknowledged receipt of the FOIA request on the date of its

submission.  *See* Exhibit A.

12.     In a letter dated June 25, 2019, Defendant again acknowledged receipt of Citizens

United's FOIA request, assigned the request Case Control Number F-2019-07153, and informed

Citizens United that the request did not warrant expedited processing.  *See* Exhibit B.

13.     On June 17, 2019, Citizens United submitted a second FOIA request, online, to

Defendant.  *See* Exhibit C.  The request sought:

> All emails to or from any of the following former State Department
> officials: David Wade; Jonathan Winer; Jonathan Finer; Matt Summers;
> Jennifer Stout; or David McKean [t]hat contain any of the following names,
> entities, and/or terms: Bohai Harvest RST; Thornton Group; James Bulger;
> Bank of China; Tian Guoli; Jonathan Li; Xin Wang; Aviation Industry
> Corporation of China; Henniges; Committee on Foreign Investment in the
> United States; China Molybdenum; or Tenke Fungurume.

The time period covered by the FOIA request was January 20, 2013 to January 20, 2017.

14.     Citizens United, as a member of the media, requested expedited processing of this

FOIA request.  *See* Exhibit C.

15.     The State Department acknowledged receipt of the FOIA request on the date of its submission.  *See* Exhibit C.

16.     In a letter dated June 25, 2019, Defendant again acknowledged receipt of Citizens United's FOIA request, assigned the request Case Control Number F-2019-07150, and informed Citizens United that the request did not warrant expedited processing.  *See* Exhibit D.

17.     With regard to Citizens United's FOIA requests, the statutory deadline has passed, and Defendant has failed to provide a substantive response to either of the two FOIA requests.  In fact, as of the date of this Complaint, Defendant has failed to produce a single responsive record or assert any claims that responsive records are exempt from production.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

18.     Plaintiff realleges paragraphs 1 through 17 as though fully set forth herein.

19.     Defendant has failed to make a determination regarding Citizens United's June 17, 2019 FOIA request for records (F-2019-07153) within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

20.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 2
### (Violation of FOIA, 5 U.S.C. § 552)

21.     Plaintiff realleges paragraphs 1 through 17 as though fully set forth herein.

22.     Defendant has failed to make a determination regarding Citizens United's June 17, 2019 FOIA request for records (F-2019-07150) within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

23.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Citizens United requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Citizens United's FOIA requests and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Citizens United's requests;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Citizens United's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Citizens United's FOIA requests;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

  /s/ Jeremiah L. Morgan_____
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.

370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
CITIZENS UNITED

Dated:  July 16, 2019